UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JUAN JOSE PORTES and
ROMINA PORTES,

Plaintiffs,

v. Case No.: 2:26-cv-457-SPC-NPM

PACIFIC LIFE INSURANCE COMPANY, PACIFIC ASSET HOLDING LLC, NEWREZ LLC, and KASS SHULER, P.A.,

Defendants.

---

**OPINION AND ORDER**

Before the Court are two Motions to Dismiss: one filed by Defendants Pacific Life Insurance Company ("Pacific Life"), Pacific Asset Holding LLC ("Pacific Asset"), and Newrez LLC ("Newrez") (Doc. 16), and one filed by Defendant Kass Shuler, P.A. ("Shuler") (Doc. 31). Plaintiffs Juan and Romina Portes, proceeding pro se, responded. (Docs. 18, 42).[1] For the below reasons, the Court grants the motions.

---

[1] Both of Plaintiffs' responses violate Local Rule 3.01(c) because they exceed 20 pages. But since the Court dismisses the case with prejudice, it accepts both responses as filed.

**Background**

This case involves Plaintiffs' attempt to relitigate previously failed claims in a state court foreclosure action. Plaintiffs entered into a $200,000 promissory note, secured by a mortgage, with a certain lender. The mortgage was assigned to Pacific Asset.

Pacific Asset filed a foreclosure action on the mortgage in Florida state court. *See Pacific Asset Holding LLC v. Portes*, Case No. 2024-CA-2673 (Fla. 20th Jud. Cir. in and for Collier Cnty., Fla.) (hereinafter, "Florida action"); (*see also* Doc. 31-1). Plaintiffs appeared and filed various counterclaims against Pacific Asset, including violations of the Fair Debt Collection Practices Act ("FDCPA"), Florida Consumer Collection Practices Act ("FCCPA"), Truth in Lending Act ("TILA"), Real Estate Settlement Procedures Act ("RESPA), along with claims for fraud, trespass/harassment, abuse of process, fraud on the court, defamation, and quiet title/declaratory relief. (Doc. 31-2). Therein, Plaintiffs alleged that Pacific Asset "and its agents," *i.e.* Newrez and Shuler, engaged in various wrongdoing regarding their debt collection efforts and their litigation conduct. (*Id.*).

A Florida magistrate, addressing the merits of each counterclaim, entered a report and recommendation that each counterclaim be dismissed with prejudice. (Doc. 31-5). Subsequently, a Florida circuit judge adopted the

report and recommendation, denying Plaintiffs' exceptions to the recommendation in the process. (Doc. 31-8).

Now, Plaintiffs want a do-over. They bring this action in federal court against Pacific Asset and its agents Newrez, Pacific Life, and Shuler,[2] alleging almost identical claims arising from the same mortgage loan and foreclosure action. Specifically, they bring claims for violations of the FDCPA (count I), RESPA (count II), TILA (count III), FCCPA (count V), and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") (count IX), as well as claims for quiet title and declaratory relief (count IV), trespass and intrusion upon seclusion (count VI), defamation (count VIII), and unjust enrichment (count X). (Doc. 1). Only counts I and V–IX are brought against Shuler. (*Id.*). As explained below, these claims are barred under the doctrine of res judicata, so the Court dismisses them with prejudice.[3]

## Legal Standard

To survive a Federal Rule of Civil Procedure 12(b)(6) motion, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief

[2] According to the complaint, Pacific Asset is a subsidiary of Pacific Life. (Doc. 1 ¶ 10). Newrez and Shuler are debt collectors retained by Pacific Asset, and Pacific Asset is responsible for their conduct. (*See generally id.*).

[3] The complaint is also a shotgun pleading because it contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015). And although Defendants also move to dismiss for failure to state a claim, the Court need not reach the issue.

that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Bare "labels and conclusions, and a formulaic recitation of the elements of a cause of action," do not suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See id.* at 570. A claim is facially plausible when a court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

**Analysis**

The focus here is the doctrine of res judicata. "A party may raise the defense of res judicata in a Rule 12(b)(6) motion when the existence of the defense can be judged from the face of the complaint." *Starship Enters. of Atlanta, Inc. v. Coweta Cnty., Ga.*, 708 F.3d 1243, 1253 n.13 (11th Cir. 2013); *see also Concordia v. Bendekovic,* 693 F.2d 1073, 1075 (11th Cir. 1982). "Additional evidence, preferably a copy of the trial court's records, is required in order to apply the doctrine of res judicata in the context of either a Rule 12(b)(6) motion to dismiss or a Rule 56 motion for summary judgment." *Concordia*, 693 F.2d at 1075. Defendants provide the relevant trial court

documents, and the res judicata defense is otherwise determinable from the face of Plaintiffs' complaint.[4] So the Court considers the res judicata issue.

When federal courts "are asked to give *res judicata* effect to a state court judgment, we must apply the *res judicata* principles of the law of the state whose decision is set up as a bar to further litigation." *Kizzire v. Baptist Health Sys., Inc.*, 441 F.3d 1306, 1308 (11th Cir. 2006) (cleaned up) (citation and quotation marks omitted). Because a Florida state court order is at issue here, the Court applies Florida res judicata principles, specifically claim preclusion.[5]

"[U]nder Florida law, a judgment on the merits bars a subsequent action between the same parties on the same cause of action, and prohibits not only relitigation of claims previously raised, but also the litigation of claims that could have been raised." *Symonette v. Aurora Loan Servs., LLC*, 631 F. App'x 776, 778 (11th Cir. 2015) (citing *State v. McBride,* 848 So. 2d 287, 290 (Fla. 2003)). Thus, the first requirement for res judicata is an adjudication on the merits in the former suit. *Pearce v. Sandler*, 219 So. 3d 961, 966 (Fla. Dist. Ct.

[4] Additionally, the Court takes judicial notice of the pleadings and orders from the Florida action. *See Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (holding the district court "properly took judicial notice of the documents in [the plaintiff's] first case, which were public records that were 'not subject to reasonable dispute' because they were 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned'" (quoting Fed. R. Evid. 201(b))). And "a district court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a Rule 56 motion." *Halmos v. Bomardier Aerospace Corp.*, 404 F. App'x 376, 377 (11th Cir. 2010) (citations omitted).

[5] Although the Court does not reach the issue, most, if not all, of Plaintiffs' claims are also barred by collateral estoppel, or issue preclusion.

App. 2017); *Hicks v. Hoagland*, 953 So. 2d 695, 698 (Fla. Dist. Ct. App. 2007) ("For res judicata to apply, there must exist in the prior litigation a clear-cut former adjudication on the merits." (citation and internal quotation marks omitted)). Additionally, four identities between the former suit and the present suit must apply: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the quality of the persons for or against whom the claim is made. *Pearce*, 219 So. 3d at 966; *Symonette*, 631 F. App'x at 778 (citation omitted). "The policy underlying res judicata is that if a matter has already been decided, the petitioner has already had his or her day in court, and for purposes of judicial economy, that matter generally will not be reexamined again in any court (except, of course, for appeals by right)." *Pearce*, 219 So. 3d at 966 (citation omitted).

Against this backdrop, res judicata bars Plaintiffs' claims. In the Florida action, Plaintiffs brought identical claims arising from the same mortgage loan, foreclosure, and underlying litigation as they do here, namely violations of FDCPA, FCCPA, TILA, and RESPA, and claims for abuse of process, fraud on the court, trespass, defamation, and quiet title/declaratory relief.[6] The goal

---

[6] Plaintiffs' own allegations give away their strategy. They allege at one point, "[o]n December 8, 2025 during the pendency of this litigation," an unidentified individual entered their property. (Doc. 1 ¶ 46). But Plaintiffs did not file this action until February 20, 2026. (Doc. 1). So the alleged December 2025 conduct did not occur during this litigation. This oversight makes it abundantly clear Plaintiffs recycle their counterclaims from the Florida action into their complaint here, demonstrating the duplicative nature of the present claims.

of these counterclaims was the same there as here: to prevent the foreclosure on their property. So the first two identities are satisfied.

There is also an identity of parties. Although Plaintiffs only countersued Pacific Asset in the Florida action, Pacific Asset, Newrez, Pacific Life and Shuler are all in privity with one another. *Symonette*, 631 F. App'x at 778 (explaining the identity of parties "is met if the parties are either identical to or in privity with the parties to the original suit." (citation omitted)). Plaintiffs allege Defendants all acted pursuant to an agency relationship, that Pacific Asset is a subsidiary of Pacific Life, and that Pacific Asset is responsible for directing Newrez and Shuler's debt collection activity. (*See, e.g.*, Doc. 1 ¶¶ 10, 11, 77, 78, 79, 93, 163–64). Indeed, Plaintiffs seek to hold Pacific Life and Pacific Asset liable "under principles of vicarious liability and agency." (Doc. 1 at 10, 12). Thus, the parties are in privity. *See Rodemaker v. City of Valdosta Bd. of Educ.*, 110 F.4th 1318, 1328 (11th Cir. 2024) ("When one party's actions are legally another party's actions, those two parties have the kind of substantive legal relationship that establishes privity" for purposes of res judicata); *Fernandez v. Cruz*, 341 So. 3d 410, 414 (Fla. Dist. Ct. App. 2022) ("Privity, in turn, has been defined as mutual or successive relationships to the

---

Of course, a simple comparison of the counterclaims in the Florida action with the complaint here also does the trick.

same right of property, or such an identification of interest of one person with another as to represent the same legal right." (citation omitted)).

As for the fourth identity—identity of the quality of the persons for or against whom the claim is made—this element "requires that the parties in the state action had the incentive to adequately litigate the claims in the same character or capacity as would the parties in the federal action." *Symonette*, 631 F. App'x at 778 (citation omitted). This element is also satisfied. In the Florida action, Plaintiffs alleged Pacific Asset was responsible for the conduct of its agents, Newrez and Shuler, and tried to impute their liability to Pacific Asset (as they do here). (*See, e.g.*, Doc. 31-2 ¶ 18 (alleging Newrez is "a debt collector" and has been acting in such capacity "on behalf of" Pacific Asset)); (Doc. 31-2 ¶ 19 (alleging Shuler is "a law firm engaged in debt collection activities" that "has attempted to collect the subject debt on behalf of" Pacific Asset)). Thus, Pacific Asset had an incentive to represent Newrez's and Shuler's interests in the Florida action to the same extent they would their own.

Finally, the Florida action resulted in an adjudication on the merits. The Florida court dismissed Plaintiffs' counterclaims for failure to state a claim and partially on statute of limitations grounds, not for any jurisdictional or other procedural defect. (Docs. 31-5, 31-8). And the Florida court dismissed the counterclaims with prejudice. (Docs. 31-5, 31-8). As such, the dismissal

operated as an adjudication on the merits. *See Nassar v. Nassar*, 708 F. App'x 615, 620 (11th Cir. 2017) (applying Florida law and concluding the state court's involuntary dismissal of counterclaim was an adjudication on the merits for res judicata purposes).

That's not all. As mentioned, res judicata applies to claims that *could have been* brought in the Florida action. *See Pearce*, 219 So. 3d at 967 ("[T]he doctrine of res judicata not only bars issues that were raised, but it also precludes consideration of issues that could have been raised but were not raised in the first case."). Plaintiffs' unjust enrichment and FDUPTA claims could have been brought in the Florida action because they involve the same subject matter and arise from the same foreclosure action. *See id.* (finding a claim that was "based on the identical subject matter and factual circumstances" as claims brought in the first action "could have been raised" in the first action). So they, too, are precluded.[7]

Because each element of res judicata is satisfied, the Court dismisses Plaintiffs' case with prejudice.

Accordingly, it is now

**ORDERED:**

[7] To the extent Plaintiffs assert this action alleges different conduct than the Florida action, the claims are still dismissed for this very reason: the claims could have been brought in the Florida action.

1. Defendants' Motions to Dismiss (Docs. 16, 31) are **GRANTED**.

2. Plaintiffs' complaint (Doc. 1) is **DISMISSED with prejudice.**

3. The Clerk is **DIRECTED** to enter judgment for Defendants, deny all pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on July 23, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record